JONES, Chief Judge,
delivered the opinion of the court:
The plaintiff, a Kegular Army officer, was retired from active service in the grade of first lieutenant by reason of physical disability due to wounds received in battle. He remained in inactive status on the retired list until June 1, 1942, when he was recalled to active service in the same grade. On September 17, 1942, he was promoted to captain, *340 and on June 10, 1944, to major in the Army of the United States.
On March 25, 1946, his commission as major was terminated and he reverted to inactive duty on the retired list with the grade of first lieutenant. On August 12,1948, under the provisions of Section 203 (a) of the act of June 29,1948, 62 Stat. 1085, he was advanced to the grade of major on the retired list.
On August 15, 1947, plaintiff had completed 30 years, 1 day of active and retired service, of which six years were active service. Since March 25,1946, plaintiff has been given the retired pay of a first lieutenant with less than 10 years’ active service plus certain allowance's for the years of service.: Since August 12, 1948, his retired pay has been $225 per month.
The following statutes are involved: The act of March 2, 1903,32 Stat. 927,932; Section 1 of the Pay Readjustment Act of 1942, 56 Stat. 359, 360, and Paragraph 1 of Section 15 of the same act, p. 367; and Section 203 (a) of the act of June 29,1948, 62 Stat. 1085.
Plaintiff claims that because of the provision in respect to wounds received in battle[1] he is entitled to receive the pay of a major with longevity pay based upon service, active and inactive, or a total of $309.38 per month. He sues for the difference as a continuing claim since August 12,1948.
The act of March 2, 1903, supra, allowed a limited class of officers, those who had been wounded in battle, to have credit for service on the retired list. Other officers on the retired list were denied the privilege. Under the 1942 act, supra, all officers in the service on June 30,1922, were allowed credit for service which was then counted in computing longevity pay. It also allowed credit for active duty performed.
Section 203 (a) of the act of June 29,1948, provided that each commissioned officer of the Regular Army theretofore retired should be advanced on the applicable officers’ retired list to the highest temporary grade in which he had *341 served satisfactorily while on active duty. At the end of the section is the following:
Provided, That retired pay of such highest grade shall be without credit for service on the retired list.
Defendant contends that the effect of this proviso is to take away the right of the wounded officers under the act of 1903 and to place them in the same category as all other officers.
We do not agree.
If this act stood alone the proviso would have that effect.
But these acts must be construed together. It is conceded there are only eleven of the wounded officers involved in the determination of this issue. When the provisions of the act of 1903 are laid alongside the provisions of the act of 1948 and they are construed together it seems manifest that Congress did not intend to take from this limited group of officers the rights that had been recognized through the years. We must endeavor to find the intent of the Congress. When these various statutes are read together it is evident that in enacting the proviso Congress had in mind the ordinary situation, the general run of officers, who had not been wounded, and who nevertheless were being extended, additional privileges.
We quote the following from Mr. Justice Need in United States v. American Trucking Association, 310 U. S. 542, 543:
In the interpretation of statutes, the function of the courts is easily stated. It is to construe the language so as to give effect to the intent of Congress. There is no invariable rule for the discovery of that intention. To take a few words from their context and with them thus isolated to attempt to determine their meaning, certainly would not contribute greatly to the discovery of the purpose of the draftsmen of a statute, particularly in a law drawn to meet many needs of a major occupation.
* * * * *
Emphasis should be laid, too, upon the necessity for appraisal of the purposes as a whole of Congress in analyzing the meaning of clauses or sections of general acts. A few words of general connotation appearing in the text of statutes should not be given a wide mean *342 ing, contrary to a settled policy, “excepting as a different purpose is plainly shown.”
A similar rule is laid down in Ozawa v. United States, 260 U. S. 178, 194. See also Sorrels v. United States, 287 U. S. 435.
When we consider the pattern, background and purposes of this legislation, we cannot conclude that Congress had any intention of taking away from this limited group of officers the special recognition which they had received for years. On the other hand, there is much to indicate that they had in mind the general run of retired officers who had not received battle wounds. This conclusion becomes even more apparent when Section 1 of the act of December 2, 1942, 56 Stat. 1037, is read. That section was still in effect in 1948.
The plaintiff is entitled to recover, commencing August 12, 1948, the difference in retired pay of a major with less than 23 years of active service, plus 10 fogies and the retired pay of a first lieutenant with less than 10 years’ active service plus 10 fogies. Entry of judgment will be suspended pending receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion.
Howell, Judge; MaddeN, Judge; Whitakee, Judge; and Littleton, Judge, concur.
In accordance with the opinion of the Court and upon a report from the General Accounting Office showing the amount due thereunder, judgment was entered October 7, 1952, for the plaintiff in the sum of $3,451.14.

 32 Stat. 927, 932.