Whitaker, Judge,
delivered the opinion of the court:
In this action plaintiff, a retired naval officer, seeks additional retired pay for the period February 1, 1955, to the date of judgment, to which he alleges he is entitled pursuant to the fourth paragraph of section 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 368. There is no disagreement between the parties regarding the facts before us.
Plaintiff entered service in the Navy on June 20, 1917. Thereafter he served continuously on active duty in the Navy until March 1, 1948, when he was retired with the rank of rear admiral, and was awarded the retirement pay of a captain. Plaintiff subsequently served on active duty from March 26, 1951, to March 2, 1953, when he was re-retired. At the time of his retirement plaintiff had served more than twenty-seven years on active duty, and had a total service time in excess of thirty years, including the three years of inactive service while on the retired list between periods of active duty. On plaintiff’s last day of active service he was *254 receiving the active duty pay of a captain in the Navy with service in excess of thirty years, pursuant to section 202(b) of the Career Compensation Act of 1949, 63 Stat. 802, 808. Upon retirement hi 1953 plaintiff was awarded retired pay amounting to 70 percent of the active duty pay of a captain with more than twenty-six but less than thirty years of service. This is the amount to which plaintiff would have been entitled had he retired under the Career Compensation Act and had not entered service prior to November 12, 1918, so as to become eligible for the benefits of the fourth paragraph of section 15 of the Pay Readjustment Act.
In this action plaintiff sues for additional retirement pay for the period February 1,1955, to the present, in an amount equal to the difference between what he has been receiving under the present computation (70 percent of the active duty pay of a captain with over twenty-six years of service) and the amount resulting from computation of his retired pay as 75 percent of the active duty pay of a captain with more than thirty years of service.
Plaintiff’s claim to the additional retirement pay sought is predicated upon the fourth paragraph of section 15 of the Pay Readjustment Act of 1942, supra, which provides as follows:
The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12,1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement.
Section 531 (b) of the Career Compensation Act of 1949, 63 Stat. 838, specifically excepts the section quoted above from repeal. Plaintiff avers that since he was a member of the Navy prior to November 12, 1918, and was retired under a provision of law as an officer subsequent to the Act of 1942, he is within the purview of the fourth paragraph of section 15 of the Pay Readjustment Act of 1942 and is thus entitled to receive retired pay of 75 percent of his active duty pay at the time of his retirement. Inasmuch as he received active duty pay immediately prior to retirement as a captain *255 with over thirty years of serivce, plaintiff contends he is entitled to receive 75 percent of that amount as retired pay.
We think plaintiff’s claim comes precisely within the letter of the fourth paragraph of section 15 of the Pay Readjustment Act of 1942 .
Section 202(b) of the Career Compensation Act of 1949, supra, provides that service on the retired list shall not be included to increase retired pay, and section 516 of the same Act provided that only “the number of years of subsequent active duty” should be taken into account in computing the retired pay of officers recalled to active duty after retirement; however, subsequent to section 202(b) and section 516, section 531(b) (34) repealed all of the Pay Readjustment Act of 1942, with the one and only exception of the fourth paragraph of section 15 thereof. This section applies, not to the pay of retired officers generally, but to the pay of one particular class of officers. It applies only to those officers who had served in the military or naval forces prior to November 12, 1918. This section was saved from repeal by section 531(b) (34).
As we have seen, the fourth paragraph of section 15 of the Pay Readjustment Act of 1942 gives these particular officers 75 percent of their active duty pay, and their active duty pay is computed on the basis of both their active and inactive service.
So, while the Career Compensation Act of 1949, supra, provides in general terms for the computation of retired pay of officers recalled to active duty after retirement, by excluding inactive service on the retired list, it left in full force and effect that provision of the former law — and only that provision — which applied to officers who had served prior to November 12, 1918. As to these officers, and as to these officers only, they are entitled to retired pay based upon their active duty pay at the time of re-retirement, which includes inactive service on the retired list.
Plaintiff’s motion for summary judgment is granted. Judgment will be entered in his favor, with the amount of recovery to be determined pursuant to Rule 38 (c). Defendant’s motion is overruled.
It is so ordered.
LaRamoee, Judge; and JoNes, Chief Judge, concur.