GEORGE B. PARKS AND MARNA C. PARKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parks v. Commissioner
Docket No. 1743-77.
United States Tax Court
T.C. Memo 1979-182; 1979 Tax Ct. Memo LEXIS 345; 38 T.C.M. (CCH) 759; T.C.M. (RIA) 79182; May 9, 1979, Filed George B. Parks, pro se. Warren N. Nemiroff, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent *347 determined a deficiency in petitioners' Federal income tax for 1974 in the amount of $4,240. The only issue remaining for decision is whether under section 104(a)(4) or 105(a) [1] petitioner George B. Parks is entitled to exclude from gross income any portion of his Air Force retirement pay received in 1974. All of the facts have been stipulated and are found accordingly. The pertinent facts are summarized below. Petitioners, husband and wife, maintained their legal residence in Vacaville, California, at the time they filed their petition in this case. They filed a joint Federal income tax return for 1974. George B. Parks (hereinafter petitioner) was a commissioned officer and pilot in the United States Air Force. In 1974 his primary specialty was that of organization commander. During the course of his career in the Air Force the petitioner developed certain medical ailments, including allergic rhinitis, which resulted in his periodic and then permanent disqualification from flight duties. Thereafter, petitioner voluntarily *348 applied for retirement from the Air Force. A physical examination was conducted by the Air Force on April 25, 1974. No evidence has been presented to indicate that the Air Force ever determined that petitioner was unfit to perform the duties of his office, grade or rank because of physical disability, the required standard to be retired from the Air Force for disability. Petitioner's retirement was effective as of November 1, 1974, with 22 years of service and a final grade of Lieutenant Colonel. His retirement pay, which he received for the last two months of 1974, totaled $2,018.10 and was based solely on length of service. On January 17, 1975, the Veterans Administration awarded a 10 percent disability rating to petitioner, retroactive to November 1, 1974. This rating was based upon the results of the physical examination conducted by the Air Force in April, 1974. Petitioner was entitled to the disability award of the Veterans Administration payable in the amount of $32 per month, only if he waived an equal portion of his Air Force retirement pay by signing VA Form 21-651. Petitioner did not sign the waiver and continued to receive his entire Air Force retirement pay. *349 No change in petitioner's retirement status was effected by the Air Force subsequent to the Veterans Administration's determination. On his 1974 income tax return the petitioner excluded as a section 104(a)(4) disability payment 10 percent of the $2,018.10 received from the Air Force. This 10 percent figure, petitioner believed, corresponded to the 10 percent disability rating awarded by the Veterans Administration. Subsequently, petitioner filed an amended return for 1974 in which he claimed that the $2,018.10 should be reduced by 10 percent of his final base pay and not the lesser figure of 10 percent of $2,018.10 as originally excluded. In addition, he claimed a further exclusion of $696 from the $2,018.10 as sick pay under section 105(d). Respondent disallowed all exclusions from gross income on account of disability and sick pay. Disability Retirement
Section 104(a)(4) provides, in pertinent part, that gross income does not include "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country." To qualify for retirement for physical disability from the armed services, *350 the relevant standard is whether a member of the armed services is unfit to perform the duties of his office, grade or rank because of physical disability. 10 U.S.C. sec. 1201 (1970). [2] If the particular branch of the armed forces in which the member serves makes such a determination, computation of the member's retirement pay is made under the provisions of 10 U.S.C. sec. 1401 which provide that the amount of retirement pay will be the greater of the amount computed on the member's length of service or the percent of disability (as determined by the service) multiplied by the final base pay. If the longevity amount exceeds the amount payable strictly as disability compensation, then the retired pay that the member receives in excess of the amount he would receive if it were computed on the basis of percentage of disability "is not considered as a pension… resulting from active service in the armed forces, under section 104(a) of title 26." 10 U.S.C. sec. 1403. *351 It is possible that the armed services will not make a finding that a retiring member was "unfit" for duty. The Veterans Administration is also empowered to review the member's physical record to determine if a percentage disability rating should be awarded. This award is based on any disability that arises during service and is not geared to the "unfit for duty" determination made by the armed forces. Such compensation, like disability retirement pay, is tax exempt. 38 U.S.C. sec. 3101(a). The commencement date of an award of disability compensation to a veteran is the day following the date of his discharge or release if application therefor is received within one year from the date of discharge or release. 38 U.S.C. sec. 3010(b). This section must be read in light of other provisions of the same law, however, which deal expressly with a situation in which an individual receiving military retirement pay becomes entitled to Veterans Administration compensation. 38 U.S.C. sec. 3104, prescribes a general "Prohibition against duplication of benefits," and under paragraph (a) of that provision, not more than *352 one "award of pension, compensation,… [or] regular, or reserve retirement pay" may be made concurrently to any person based on his own service. 38 U.S.C. sec. 3105 deals with the situation in which a person receiving Armed Forces retirement pay also becomes eligible for Veterans Administration compensation. That section provides that in such circumstances the person "shall be entitled to receive such… compensation" upon filing with the appropriate department "a waiver of so much of his retired or retirement pay as is equal in amount to such pension or compensation." By the express terms of this latter provision such an individual does not become entitled to Veterans Administration compensation until he files the required waiver. Petitioner retired on the basis of length of service without any determination that he was "unfit for military service" because of physical disability. The Veterans Administration subsequently determined, through its own process, that petitioner was entitled to a disability rating of 10 percent, which entitled him to a monthly payment of $32 if he elected to waive the same amount from the retirement payments made by the Air *353 Force. To date the petitioner has not made such an election and such an election is necessary for the exclusion under section 104(a)(4). Strickland v. Commissioner,540 F.2d 1196, 1198 (4th Cir. 1976), revg. T.C. Memo. 1974-188; Cleary v. Commissioner,60 T.C. 133 (1973). Petitioner contends that the filing of the waiver is not a necessary prerequisite to retroactive exclusion of a part of his previously paid Air Force retirement pay. In this regard the petitioner cites Strickland v. Commissioner,supra, and the amendments to section 104 contained in the Tax Reform Act of 1976. TheStrickland case does not support the petitioner here. In Strickland the issue was whether the filing of an election for veteran's benefits was retroactive to the date of discharge so that a member of the military could exclude that portion of his service retirement pay which corresponded to the amount of subsequently determined Veterans Administration disability compensation. The Court of Appeals held that it was retroactive, and the Service has announced recently that it will follow Strickland. Rev. Rul. 78-161, 1978-1 C.B. 31. *354 Likewise, petitioner cannot rely on sections 104(b)(2)(D) and 104(b)(4). These sections were added by section 505(b) of the Tax Reform Act of 1976 and provide for the exclusion from income of amounts received as military retirement pay if the individual can demonstrate that he would be entitled, on application to the Veterans Administration, to receive disability benefits. The amount excluded in this regard shall not be less than the maximum amount which such individual, on application therefor, would be entitled to receive as Veterans Administration disability compensation. These provisions, however, are applicable for taxable years beginning after December 31, 1976 and do not affect the requirement that a waiver be filed for taxable years prior to January 1, 1977, in order to retroactively exclude amounts previously received as service retirement pay which correspond to the Veterans Administration disability payment. Petitioner also argues that he retired for physical disability notwithstanding the lack of such a determination by the Air Force. Even if we accept this representation, we are constrained by the very words of section 104(a)(4) which specifically require that the *355 payments be for injury or sickness. The payments in question were based on length of service and there is no indication in this record that the petitioner was about to be retired for disability by the Air Force or was, for that matter, entitled to be discharged for physical disability. Accordingly, McNair v. Commissioner,250 F.2d 147 (4th Cir. 1957), revg. 26 T.C. 1221 (1956), and Prince v. United Stated States,119 F. Supp. 421 (Ct. Cl. 1954), are distinguishable. Instead, our opinions in Pangburn v. Commissioner,13 T.C. 169 (1949), and Scarce v. Commissioner,17 T.C. 830 (1951), in which we strictly construed the necessity that the retirement be for physical disability, as determined by the branch of the armed services in which the individual served, are controlling on this matter. See also Simms v. Commissioner,196 F.2d 238 (D.C. Cir. 1952), affg. 17 T.C. 1 (1951). Although we are sympathetic to petitioner's plea that his loss of flight privilege, coupled with the concurrent loss of monthly flight pay, made retirement a necessity, we note that he was still physically *356 capable of performing his primary job duties as organization commander, retained a substantial salary absent flight pay and was not required to retire by an Air Force determination that he was unfit for military service.
Petitioner's reliance on Espenshade v. United States,354 F.2d 332 (Ct. Cl. 1965), is misplaced. In that case the taxpayer was retired for disability pursuant to the Career Compensation Act of 1949 and was entitled to exclude 10 percent of his base pay based upon the Army's determination. Petitioner here has not been retired for disability by the Air Force but has been given a totally separate and distinct 10 percent disability rating by the Veterans Administration.The 10 percent rating provides for monthly payments of $32 and is not geared to 10 percent of petitioner's final base pay. If petitioner had filed a waiver for the Veterans Administration compensation, he would be entitled retroactively to exclude from the 1974 Air Force payments an amount equal to what he would have been entitled to receive from the Veterans Administration. But no waiver has been filed. Sick Pay Exclusion
Section 105(a) provides that amounts received by an *357 employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts are paid by the employer. However, section 105(d) excludes such amounts from gross income if they "constitute wages or payments in lieu of wages" for a period during which the employee is absent from work as a result of personal injuries or sickness. An employee who retires on account of physical disability is considered to be absent from work as a result of personal injury or sickness until the time he reaches mandatory retirement age under the terms of the employer's retirement plan. Jovick v. United States,492 F.2d 1215 (Ct. Cl. 1973); Reardon v. United States,491 F.2d 822 (10th Cir. 1974); Brooks v. United States,473 F.2d 829 (6th Cir. 1973); Freeman v. United States,265 F.2d 66, 70-71 (9th Cir. 1959); Neill v. Commissioner,17 T.C. 1015, 1016-17 (1951); Walsh v. United States,322 F. Supp. 613 (E.D.N.Y. 1970); sections 1.105-4(a)(3)(i)(A), and 1.104-1(e), Income Tax Regs. On the other hand, an employee who has elected voluntary early *358 retirement, or who has passed mandatory retirement age, is not expected to be at work and is therefore not absent on account of sickness or disability from which he may suffer. Kuhn v. United States, an unreported case ( E.D.Va. 1971, 28 AFTR 2d 5632, 71-2 USTC par. 9660); section 1.105 4(a)(3)(i)(A) and (B), Income Tax Regs.
We agree with respondent that petitioner is not entitled to any exclusion of his Air Force retirement pay under section 105(d). First, the amounts which he received from the Air Force were not "wages or payments in lieu of wages" paid pursuant to an accident or health insurance plan within the meaning of section 105(a) and (d). See sections 1.105-4(a)(2)(i) and 1.105-5(a), Income Tax Regs. The amounts received by petitioner were clearly statutory retirement pay based on length of service. Second, we think the petitioner was not retired on account of disability. The Air Force has never made any determination required under 10 U.S.C. sec. 1201 that petitioner was unfit or incapacitated for service. Although petitioner was suffering from a career induced illness and was awarded a disability rating by the Veterans *359 Administration subsequent to his retirement from active service, that fact does not establish that he was disabled within the meaning of 10 U.S.C. sec. 1201. Williams v. United States,405 F.2d 890, 891-92 (Ct. Cl.) cert. denied 396 U.S. 966 (1969); Johnson v. United States,149 F. Supp. 648, 650 (Ct. Cl.) cert. denied 355 U.S. 850 (1957); Wales v. United States,130 F. Supp. 900, 903 (Ct. Cl. 1955); Cleary v. Commissioner,60 T.C. 133, 136 (1973). Thus, we are left with a situation in which petitioner has voluntarily retired without any indication that he was retired for physical disability. His retirement was based solely on length of service. See 10 U.S.C. sec. 1293. Accordingly, we conclude that the petitioner is not entitled to exclude from his 1974 gross income any portion of the $2,018.10 he received from the Air Force as service retirement pay. To reflect the agreement of the parties on one issue and our conclusions on the disputed issues, Decision will be entered under Rule 155. Footnotes
1. Unless specified otherwise, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue.↩
2. 10 U.S.C. sec. 1201 (1970) provides: Upon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, or any other member of the armed forces entitled to basic pay who has been called or ordered to active duty (other than for training under section 270(b) of this title) for a period of more than 30 days, is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay, the Secretary may retire the member, with retired pay computed under section 1401 of this title, if the Secretary also determines that-- (1) based upon accepted medical principles, the disability is of a permanent nature; (2) the disability is not the result of the member's intentional misconduct or willful neglect, and was not incurred during a period of unauthorized absence; and (3) either-- (A) the member has at least 20 years of service computed under section 1208 of this title; or (B) the disability is at least 30 percent under the standard schedule of rating disabilities in use by the Veterans' Administration at the time of the determination; and either-- (i) the member has at least eight years of service computed under section 1208 of this title; (ii) the disability is the proximate result of performing active duty; or (iii) the disability was incurred in line of duty in time of war or national emergency.↩