### PRINCE v. UNITED STATES.
### No. 49444.

United States Court of Claims.
March 2, 1954.

Burr Tracy Ansell, Washington, D. C., for plaintiff.

H. S. Fessenden, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, and MADDEN, Judges.

MADDEN, Judge.

The plaintiff is the widow and executrix of the estate of Colonel Frederick A. Prince who died on September 3, 1951. Colonel Prince had been receiving retired pay since 1943 on account of service in the United States Army. For the taxable years 1944, 1945, 1946, and 1947 Colonel Prince and the plaintiff had filed separate income tax re-

turns, each of their returns including one-half of the Colonel's retired pay. Apparently this was because they were residents of California, a community property State. The asserted basis of the present suit is that the Colonel's retired pay was exempt from taxation, hence neither of the spouses should have been taxed upon it. The plaintiff sues individually to recover the taxes paid by her, and as executrix to recover the taxes paid by her husband, upon his retired pay.

Colonel Prince was commissioned as a second lieutenant in the United States Army in 1908. He served continuously until July 31, 1943. On July 25, 1943, he reached the age of 60 years and, pursuant to the provisions of section 3 of the Act of June 13, 1940, c. 344, 54 Stat. 379, 380, 10 U.S.C.A. § 971b, he was placed on the retired list of the Army, effective July 31, 1943. Having served for more than 30 years he was entitled to retired pay of 75 percent of the active duty pay of a colonel with more than 30 years' service. This was the same retired pay which he would have been entitled to if he had been retired for physical disability incurred in the service.

On August 1, 1943, the day after his retirement, Colonel Prince was recalled to active duty. However, on November 4, 1943, he appeared before an Army Retiring Board. The Board found that he was incapacitated for active service; that his incapacity consisted of arteriosclerosis, hypertension, and deafness. It found that the arteriosclerosis and hypertension had originated about 1940, and the deafness about 1930; that all these disabilities were the results of incidents of service, and were permanent. The findings of the Board were, on December 21, 1943, duly approved by the President, acting through the Secretary of War. Colonel Prince's active duty as a recalled retired officer thereupon terminated, and he began to receive only his retired pay.

The Act of June 29, 1943, 57 Stat. 249, 10 U.S.C.A. §§ 985b to 985h, provided that an officer on the retired list who had been retired for reasons other than disability, and had been recalled to active duty, and had incurred disability in the active service to which he had been recalled, should receive the retired pay which an officer retired for disability would receive. Colonel Prince's situation did not meet the requirements of that statute, since his disability had not been incurred during the time that he served, after his retirement for age, under his recall to active duty. Upon Colonel Prince's inquiry in 1945 as to whether he was entitled to the benefits of that statute, he was advised by the Adjutant General that he was not so entitled.

Section 22(b) (5) of the Internal Revenue Code, 26 U.S.C.A., provides that amounts received by the taxpayer as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country should be exempt from taxation. If Colonel Prince's situation had satisfied the requirements of the Act of June 29, 1943, his retired pay would have been tax-exempt, under this provision of the Internal Revenue Code. We are not advised as to what other advantages, if any, would have accrued to him if his retirement had been based on disability, rather than upon age and length of service.

The plaintiff does not now contend that the Act of June 29, 1943, applied to the case of Colonel Prince. Her argument for recovery is, as we understand it, twofold. The first phase of it is based on the letter of the law. She points to section 1251 of the Revised Statutes, 10 U.S.C.A. § 933, which says:

> "When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of service, and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers."

She says that a retiring board did make the findings specified in the statute; that these findings were approved by the President; *ergo* Colonel Prince should have been placed on the list of officers retired for disability. The Government answers that he could not be so retired, since he had already been retired, not for disability but for age.

The plaintiff's second contention is, in effect, for the application of the maxim of equity that equity regards that as having been done which ought to have been done.

When Colonel Prince approached the age of mandatory retirement, which he reached on July 25, 1943, he could, under section 1253 of the Revised Statutes, 10 U.S.C.A. § 966, have demanded and obtained a hearing before an Army retiring board. He must have been aware at least of his disability of deafness since it had been incurred about 1930, and was bilateral and serious. We do not know of a certainty why he did not ask for a retiring board hearing. It may be that it did not occur to him that there would be tax or other advantages in obtaining a retirement for disability. So far as retired pay itself was concerned, he would receive the same pay on either basis. More probably it did occur to him that if a board found him unfit for active service, he would not be recalled, after retirement, and would have no further part in the war. In any event, he let the automatic and mandatory retirement for age take effect, and was immediately recalled, as he probably knew he would be, for active service as a retired officer. Within a few months thereafter he suffered an illness which resulted in his appearance before a retiring board, which made the findings which we have described above. Although the purpose of the hearing was to determine whether he had incurred disabilities during the short period of his service under his recall, the Army has never, and the Government does not now, contest the correctness of the board's findings as to the causes of Colonel Prince's incapacity.

The situation, then, is this: A soldier, because of ignorance of the law, or for reasons of patriotism, permits his retirement status to take one form when he had a right to have it take another form which would have been advantageous to him. A few months later the probable purpose of his choice was frustrated by the breakdown of his health. A retiring board having confirmed the fact that he could have qualified for the more advantageous form of retirement, he applied, after its creation, to the Army Board of Correction of Military Records pursuant to section 207 of the Legislative Reorganization Act of 1946, 60 Stat. 837, 5 U.S.C.A. § 191a. This section says:

> "The Secretary of War, the Secretary of the Navy, and the Secretary of the Treasury with respect to the Coast Guard, respectively, under procedures set up by them, and acting through boards of civilian officers or employees of their respective departments, are authorized to correct any military or naval record where in their judgment such action is necessary to correct an error or to remove an injustice."

The Board recommended that no change be made in Colonel Prince's record, and the Secretary of the Army approved the recommendation. It seems to us that the form in which Colonel Prince's retirement had been cast resulted in a grave injustice to him, and that the refusal to give him any relief must have been based upon an unduly rigid adherence to form. The Board and the Secretary did not make use of their expressly granted authority "to remove an injustice." In the circumstances, we will treat the situation as if the form were in accord with the facts and the justice of the case, and award the plaintiff the corresponding rights.

The Government urges that statutes granting exemptions from taxation are

to be narrowly construed. That doctrine seems to us to have nothing to do with this case. There is no question of the interpretation of a tax statute. If we are right in our conclusion as to how equity should regard the facts, there can be no doubt concerning the application of the tax statute.

The Government cites us to Simms v. Commissioner, 90 U.S.App.D.C. 322, 196 F.2d 238, in which a fireman in the District of Columbia was retired for age in 1942. In 1948, the Board of Commissioners of the District by an order recited that at the time of retirement the fireman was suffering from physical disabilities incurred in the line of duty to such an extent that had he not been retired for age he could have been retired for physical disability. The fireman claimed that his retired pay was exempt from income tax. The court held it was not, pointing out that there had been no determination by the Commissioners as to the extent of disability as a basis for fixing an amount of relief for disability. That would seem to have disposed of the case. The court, also, however, expressed itself as unwilling to treat any payment not formally made as a payment for disability as if it were such. The Tax Court of the United States in Scarce v. Commissioner, 17 T.C. 830, and in Elmer D. Pangburn, 13 T.C. 169, seems to have taken a similar view. To whatever extent the reasoning in those cases is not compatible with the views expressed in this opinion, we respectfully disagree with them.[1]

The plaintiff is entitled to recover, with interest according to law. Entry of judgment will be suspended to await the filing by the parties of a stipulation showing the amount due the plaintiff, in accordance with the foregoing opinion and the following findings of fact.

It is so ordered.

JONES, Chief Judge, and LITTLETON, Judge, concur.

WHITAKER, Judge (dissenting).

It seems to me plaintiff chose a course which he must have known would deprive him of the tax exemption he now claims. If he did not know this course would have this result, his ignorance, according to a familiar maxim, does not excuse him. His motive was no doubt a patriotic one, but I think he must abide by the consequences of what he did.

---

1. See also Allen v. Spencer, D.C.Cir., 192 F.2d 477.