**Frederick V. McNAIR and Agnes D. McNair, his wife, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7459.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 15, 1957.

Decided Nov. 8, 1957.

J. Benjamin Simmons (Harry L. Horton, Washington, D. C., on brief), for petitioners.

Kenneth E. Levin, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attorneys, Department of Justice, Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMPSON, District Judge.

PARKER, Chief Judge.

This is a petition to review a decision of the Tax Court which denied tax exempt status to the pay allowance of Captain Frederick V. McNair of the United States Navy for the years 1948

to 1953 inclusive. The taxpayer contends that he was retired from active service because of disability and that his pay allowance is exempt from taxation for that reason under the provisions of section 22(b) of the Internal Revenue Code of 1939 as amended.[1] The Commissioner contends that the pay allowance was received by Captain McNair for retirement on account of age and service and was not exempt under the statutory provisions relied on. The Tax Court sustained the position of the Commissioner. The question in the case is whether the statute relied on by Captain McNair covers the facts of his case. We think that it does.

The facts are that Captain McNair entered Naval service in 1899 and in 1931 had attained the rank of Commander. In that year he was retired for age and service and received a pay allowance amounting to 75% of the salary of a Commander. In April 1941 he was recalled to active service in the Navy and assigned to shore duty. In December of that year he was found physically qualified for sea duty and was promoted to the rank of Captain and so assigned. Some months later, while engaged in active service, he contracted tuberculosis, which resulted in total and permanent disability. He was examined by Boards of Medical Survey in Jacksonville, Florida, and Bethesda, Maryland, who found that his disability was such as to prevent his ever returning to active duty, that the disability did not exist prior to appointment, that it was incurred in line of duty and that it was not the result of his own misconduct. The Board at Bethesda recommended that he be ordered to appear before a Naval Retiring Board. The recommendation was approved by the Chief of the Bureau of Medicine and Surgery but, instead of carrying out the recommendation, Bureau of Naval Personnel entered an order as follows:

"As this officer is already on the retired list and has a total of over thirty years of service, he will be relieved of all active duty, and ordered home."

The reason for the entry of this order is set forth in a letter to Captain McNair from the Chief of Naval Personnel dated April 14, 1947, as follows:

"2. It is noted from a review of your record on file that you appeared before a Board of Medical Survey at the U. S. Naval Hospital, Bethesda, Maryland, on 25 September 1942 and were found to be permanently incapacitated for further useful active service by reason of chronic active moderately advanced pulmonary tuberculosis, contracted in line of duty while serving on active duty in your permanent retired status. The Board recommended that you be granted a hearing before a Naval Retiring Board, which recommendation was approved by the Chief of the Bureau of Medicine and Surgery. It was noted in the Bureau of Naval Personnel, however, that the only provision of law by which you could appear before the Naval Retiring Board was U. S. Code, Title 34, section 350g(d)[2] which is quoted herewith.

" 'An officer of the retired list of the Regular Navy or Marine Corps who was placed thereon for reasons other than physical disability shall, if he incurs physical disability while serving on active duty in the same rank as that held by him on the retired list and if not otherwise entitled thereto, receive 75 per centum of the active-duty pay to which he

---

1. The pertinent portion of section 22(b) of the Internal Revenue Code of 1939 is as follows:

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * * amounts received as a pension, annuity,

or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country." 26 U.S.C.A. § 22(b).

2. Act of July 24, 1941, sec. 8(d), 55 Stat. 604.

was entitled while serving in that rank.'

"Inasmuch as you were already entitled to receive retired pay based at 75% of your active duty pay, the Retiring Board had no jurisdiction within the meaning of the above act, nor was there any other provision of law by which a change in your retired status could have been or now may be accomplished. The Chief of Naval Personnel therefore disapproved the recommendation of the Survey Board and released you from all active duty.

"3. Having been released to inactive duty for permanently incapacitating disability incurred in line of duty and under conditions in which the Naval Retiring Board is without jurisdiction to consider your case, your case is analogous to that of a member of the Fleet Reserve who is transferred to the enlisted retired list pursuant to the recommendation of a Board of Medical Survey. It is therefore believed that your retired pay subsequent to your release from active duty on 1 November 1942 is exempt from Federal tax in accordance with the amended provisions of Section 22(b) (5) of the Internal Revenue Code."

It is worth noting that, not only did the Chief of Naval Personnel take the view in this letter that the allowance pay of Captain McNair was not subject to taxation, but also that in a letter of September 1945, the disbursing officer at Annapolis had taken the same view and had directed that withholding taxes be not deducted from his pay. The reasonable view of these officers was that the case of an officer on the retired list who had been recalled to active duty and afterwards released to his retired status on account of disability was not to be distinguished from the case of such an officer retired for disability.

█ It was clearly the intention of Congress that a retired Naval Officer recalled to active duty and afterwards retired on account of disability should receive seventy-five percent of active duty pay upon such retirement.[3] We think it equally clear that, where such officer recalled to active duty is afterwards returned to retired status on account of disability incurred while in active duty, retirement pay thereafter received by him falls within the meaning of the statute granting tax exemption for pay allowance awarded on the ground of disability. The words "if not otherwise entitled thereto", held by the Bureau of Personnel to deprive the Retiring Board of jurisdiction, were manifestly intended to prevent double payment, not to alter the status of the amount received for tax purposes or any other purpose.[4] If Captain McNair had been receiving retirement pay in an amount less than 75% of his active service pay, he would have been retired by the Retiring Board for disability and his retirement pay would unquestionably have been exempt under the statute. It could not have been the intent

---

3. In addition to the subsection quoted in the letter of the Chief of Naval Personnel, there is another subsection manifesting the same intent, subsection 8(b) of the Act of July 24, 1941, 55 Stat. 604, which is as follows:

"b. An officer or enlisted man of the retired list of the Regular Navy or Marine Corps who was placed thereon for reasons other than physical disability shall, if he incurs physical disability while serving under a temporary appointment in a higher rank, be advanced on the retired list to such higher rank with retired pay at the rate of 75 per centum of the active duty pay to which he was entitled while serving in that rank."

4. With respect to subsection (d) quoted in the letter, the following is contained in House Report 606, 77 Cong. 1st Sess. p. 9, Senate Report 483, 77 Cong. 1st Sess. p. 7:

"Should any of these officers incur physical disability under the circumstances stated above while in the same rank as that held on the retired list, it is no more than equitable that they should receive·retirement benefits based on that disability. Subsection (d) provides for this by giving to him the retirement benefits he would have received had he been retired for physical disability. This, in effect, is re-retirement."

150

of Congress that, when relieved of active duty because of disability, the exemption should be denied because the officer had served so long that he was entitled to 75% of active service pay irrespective of disability. As said by the Supreme Court in United States v. Kirby 7 Wall. 482, 74 U.S. 482, 19 L.Ed. 278, quoted by this Court in Commonwealth of Virginia v. Cannon, 4 Cir., 228 F.2d 313, 317, "all laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression or an absurd consequence. * * * The reason of the law in such cases should prevail over its letter." See also Holy Trinity Church v. United States, 143 U.S. 457, 459–462, 12 S.Ct. 511, 36 L.Ed. 226; Lau Ow Bew v. United States, 144 U.S. 47, 12 S.Ct. 517, 36 L.Ed. 340; Sorrells v. United States, 287 U.S. 435, 447–448, 53 S.Ct. 210, 77 L.Ed. 413.

A case very much in point is Prince v. United States, 127 Ct.Cls. 612, 119 F. Supp. 421, where the Court of Claims held the retirement pay of an Army officer, retired under circumstances somewhat similar to those existing here, to be exempt from taxation under the statute here relied on, basing its decision on the ground that the court should consider as done what should have been done. We think that decision was correct on the facts of that case. We place our decision here, however, upon the ground that where a fair construction is given to the act granting the exemption in connection with the acts dealing with disability compensation, the pay allowance drawn by Captain McNair when he was separated from the active service on account of disability falls within the exemption. We have considered the cases of Scarce v. Com'r, 17 T.C. 830, Pangburn v. Com'r, 13 T.C. 169, and Simms v. Com'r, 90 U.S. App.D.C. 322, 196 F.2d 238, but we think they are distinguishable on the facts and afford no reason for giving the statute here an interpretation which would be highly technical, would be contrary to the intent of Congress to exempt from taxation the allowance pay of those who were forced to retire from active service on account of disability, and would result in manifest injustice in cases such as the one before us.

Reversed.