Cordell BROOKS and Excel C. Brooks,
Plaintiffs-Appellees,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 72–1457.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1972.

Decided Feb. 8, 1973.

Mary J. McGinn, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Richard W. Perkins, Attys., Tax Division, Dept. of Justice, Washington, D. C., on brief; Charles H. Anderson, U. S. Atty., Nashville, Tenn., of counsel.

James L. Fuqua, Jr., Nashville, Tenn., for plaintiffs-appellees; Housholder, Cosner & Tomlin, Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

Taxpayer Cordell Brooks initiated this tax refund suit, claiming that the Government erroneously taxed him on $2,784 in income he received during the 1968 tax year. The case was tried on stipulated facts. The Government appeals the decision of the District Court in favor of the plaintiff. 339 F.Supp. 1031.

The taxpayer was a 37 year employee of E. I. du Pont De Nemours and Company and was pensioned on December 1, 1967, under the incapacity provision of the company pension and retirement plan. At the time of pensioning he was 60 years old. His retirement was forced by a heart condition and resulting surgery and complications. The parties stipulated that had he not been ill, taxpayer would have continued to work for the company until the mandatory retirement age, under the company rules, of 65.

At issue is the taxability of the pension received by the taxpayer during 1968. Section 105(d) of the Internal Revenue Code provides:

(d) *Wage continuation plans.*— Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100.

The Commissioner of Internal Revenue has promulgated regulations which, when taken together, provide that any pension, whether or not it is a disability pension, received by the taxpayer after the earliest time at which the taxpayer *could have* retired regardless of health is taxable retirement income and not entitled to the § 105(d) exclusion.[1] This

---

1. Regulation § 1.105–4(a)(3)(i)(a) states that the § 105(d) exclusion "does not apply to the payments which such an employee receives after he reaches . . . retirement age." Regulation § 1.105–4 (a)(3)(i)(b) states that retirement age for the purposes of the § 105(d) exclusion shall be defined by § 1.79–2(b)(3). The latter regulation reads, in pertinent part, as follows:

(3) *Retirement age.* For purposes of section 79(b)(1) and this section, the meaning of the term "retirement age" is determined in accordance with the following rules—

(i)(*a*) If the employee is covered under a written pension or annuity plan of the employer providing such individual group-term life insurance on his life (whether or not such plan is

is despite the fact that the retirement was forced by illness or sickness of the taxpayer.

Both parties stipulated that taxpayer could have voluntarily taken a longevity retirement in December 1967 under the du Pont pension plan, because he had been employed by du Pont for 37 years and had reached age 60.

Taxpayer contends that the pension he received in 1968 was a payment "in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness." He contends that the Treasury regulation attempts to withdraw a benefit conferred upon him by the Code, § 105(d), and as such it is an impermissible assumption of authority by the Commissioner.

The regulation in question has been examined heretofore only once in a reported decision of a court. Walsh v. United States, 322 F.Supp. 613 (E.D. N.Y.1970). In declaring the regulation invalid and ordering refund of the taxes paid that court said:

"[1] To the extent that the 1966 amendment to Treasury Regulation 1–105.4(a) (3) holds that income tax exclusions automatically terminate when an employee becomes eligible for service retirement, it is invalid as adding an unauthorized restriction on a statutory benefit.

"The Internal Revenue Code entitles a taxpayer to exclude from gross income any payments which are received 'for a period during which the employee is absent from work on account of personal injuries or sickness.' Section 105(d).

"In depriving a taxpayer of this benefit because he could in a particu-

lar tax year have retired without being disabled, and in denying effect to evidence that the taxpayer would not have retired if he were not disabled, the regulation circumvents the purpose and meaning of the statute." 322 F.Supp. at 619

While it cannot be doubted that income received after the mandatory age will be taxable regardless of whether the pension began as a disability pension, we hold that the Government's position, as outlined in the regulation, is untenable. The statute is clear and unambiguous in providing for an exclusion of payments made to any employee for a period of absence from work caused by illness. The money that this taxpayer receives between the age of 60, when he was forced to retire by illness, and 65, when he would have to retire whether or not healthy, is received because of his absence from work because of illness.

The major contention of the Government in this appeal is that its regulation is a permissible determination of when the § 105(d) exclusion will no longer apply. Because no one seriously contends that income received after retirement age should be entitled to the § 105(d) exclusion, the Government asserts that this regulation is a proper definition of retirement age. This argument ignores the clear mandate of § 105(d). All money received by a taxpayer because of his absence from work due to illness is entitled to a § 105(d) exclusion. The exclusion is founded in the words of the statute. The Regulation cannot be defended by stating that harsher regulations could have been formulated.

qualified under section 401(a) or 403 (a)), then his retirement age shall be considered to be the earlier of—

(1) The earliest age indicated by such plan at which an active employee has the right (or an inactive individual would have the right had he continued in employment) to retire without the consent of his employer and receive im-

mediate retirement benefits computed at either the full rate or a rate proportionate to completed service as set forth in the normal retirement formula of the plan, i. e., without actuarial or similar reduction because of retirement before some later specified age, or . . . . § 1.79–2(b) (3)

While the Commissioner's tax regulations are entitled to great weight and are to be sustained unless unreasonable and plainly inconsistent with the revenue statutes, Bingler v. Johnson, 394 U.S. 741, 750, 89 S.Ct. 1439, 22 L.Ed. 2d 695 (1969); Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948), the Commissioner cannot deprive a taxpayer of a benefit conferred by statute. Dorfman v. Commissioner, 394 F.2d 651, 655 (2d Cir. 1968); Smith v. Commissioner, 332 F.2d 671 (9th Cir. 1964); Coady v. Commissioner, 33 T.C. 771, 779 (1960), aff'd, 289 F.2d 490 (6th Cir. 1961). The Commissioner cannot impose a tax by regulations. Commissioner v. Acker, 361 U.S. 87, 92, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959).

Taxpayer was entitled to an exclusion from gross income of the $2,784 in question under § 105(d). He was entitled to a refund of taxes paid on that income and the decision of the District Court is affirmed.

Affirmed.