*Decision will be entered under Rule 50.*

FRED K. CLEARY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8353-71.   Filed April 25, 1973.

Fred K. Cleary, pro se.
*Dudley W. Taylor*, for the respondent.
FEATHERSTON, *Judge:* Respondent determined deficiencies in peti-

tioner's income tax for 1967 and 1969 in the amounts of $251 and $1,790.05, respectively.

The issues for decision are as follows:

(1) Whether petitioner is entitled to exclude from gross income, pursuant to section 104(a)(4),[1] any portion of his Army retirement pay for 1967 and 1969; and

(2) Whether petitioner is entitled to exclude from gross income, pursuant to section 105(d), any portion of his Army retirement pay for 1967 and 1969 not excluded under section 104(a)(4).

### FINDINGS OF FACT

Petitioner was a resident of Columbus, Ga., at the time he filed his petition. He and his wife, Marcella E. Cleary, filed joint Federal income tax returns for 1967 and 1969, and an amended return for 1967, with the Southeast Service Center in Chamblee, Ga.

On September 30, 1967, petitioner was retired from the U.S. Army, on his own application, solely on the basis of having completed more than 22 years of active Federal service. He received retirement pay at the rate of $8,698.80 per annum, effective October 1, 1967.

On October 1, 1967, petitioner submitted a claim for disability compensation to the Veterans Administration (VA). By notice dated May 21, 1968, from the VA, the claim was disallowed on the grounds that certain of his disabilities were not incurred in nor aggravated by his military service, and other disabilities—though service-connected—were less than 10-percent disabling and therefore not compensable.

Petitioner appealed the denial of his claim, and upon reconsideration, the VA awarded him a 20-percent combined service-connected disability rating in a notice dated January 20, 1970. The notice from the VA contained the following:

You are entitled to compensation at the following rates:

| Degree of disability | Monthly payment | Commencing date |
|---|---|---|
| 20% | $40 | 10-01-67 |
| 20% | 43 | 01-01-69 |

If you elect compensation, your compensation will be reduced by the amount of retired pay you have already received. If you waive a portion of your retired pay, compensation will be paid beginning the effective date of the waiver. *Before you decide, please read the instructions and information on the back of this letter.* * * *

The instructions on the back of the notice-letter outlined petitioner's alternatives as follows:

1. INSTRUCTIONS FOR MAKING AN ELECTION FOR VA COMPENSATION OR WAIVER OF RETIREMENT PAY: A veteran may not receive full

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.

payments of retirement pay from the Armed Services and VA compensation at the same time. However, he may do one of the following:

  a. Continue to receive retirement pay without any further correspondence. If you do not desire to receive compensation at this time you will not be barred from making a subsequent election to receive such benefit from the Veterans Administration as it may be elected or re-elected at any time.

  b. If VA disability compensation is greater than his retirement pay, he may elect to receive compensation instead of retirement pay.

  c. If his retirement pay and allowances are greater than VA disability compensation he may waive so much of his retirement pay as is equal to the amount of compensation to which he is entitled. Compensation is not taxable, and retirement pay based on age or length of service, is.

Under the second mode of payment—b. above—petitioner would receive prospectively a monthly payment plus an amount representing backpayments commencing on the effective date of the award, i.e., October 1, 1967. However, the total amount of compensation would be reduced by the amount of retirement pay petitioner had already received.

Under the third mode of payment—c. above—disability compensation would not be paid until the waiver had been filed and became effective.

Petitioner opted the third alternative, and on January 24, 1970, he waived a portion of his retirement pay equal to the disability compensation to be received from the VA. Petitioner's retirement pay was first reduced and disability compensation first paid by the VA for the month of April 1970.

On his 1969 tax return, petitioner excluded $5,732 from his income. This figure was composed of two amounts: First, the amount of $516 which was arrived at by multiplying $43 (petitioner's monthly VA disability compensation) times 12. On an attached sheet, petitioner explained this computation as follows:

VA gave TP [taxpayer] disability for 20% caused by vertebrae fractures & cystitis declared in 1970 retroactively to retirement date 1 Oct 67

  20% disability included on W–2 at rate of 43.00 per month after 1–1–69

The second amount of $5,216 represents a claimed sick-pay exclusion. In claiming this exclusion, petitioner completed Form 2440 on which he stated that his period of absence from work was from January 1, 1969, to December 31, 1969; that his number of workdays in his normal workweek was 7; that the Department of Army was the name of his employer; and that the nature of his illness or injury was: "VA gave disability 20% vertebrae fracture & cystitis." On the front of Form 1040 submitted for 1969, petitioner stated that he was employed as a research technician at the Human Resources Research Organization at Ft. Benning, Ga., and the joint return showed income from wages and salaries in the amount of $25,292.

Petitioner also filed amended tax returns for 1967 and 1968, claiming adjustments for the same reasons as in 1969, set forth above. Petitioner received refunds attributable to the claimed exclusions for 1967 and 1969. Respondent later determined deficiencies in petitioner's income tax for 1967 and 1969 on the grounds that no portion of petitioner's retirement pay in those years is excludable under either section 104(a)(4) or section 105(d).

OPINION

### 1. Section 104(a)(4) Disability Retirement Issue

Section 104(a)(4)[2] provides, in pertinent part, that gross income does not include "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country."[3] The first question to be decided is whether petitioner, by reason of the VA determination that he had suffered a 20-percent disability which entitled him to compensation in specified monthly amounts, may, under section 104(a)(4), exclude from his gross income a portion of the Army retirement pay which he received during 1967 and 1969.

Petitioner recognizes that he was retired from the Army for length of service rather than for disability, and he expressly disavows any claim that his ailments on September 30, 1967, qualified him for disability retirement. In making this disavowal, he at least implicitly recognizes that the Army disability retirement standards may differ from the VA service-connected-disability compensation criteria, *Williams* v. *United States*, 186 Ct. Cl. 611, 614, 405 F. 2d 890, 891 (1969), certiorari denied 396 U.S. 966 (1969), and that "Not all ailments or disabilities are incapacitating to the extent of requiring retirement," *Wales* v. *United States*, 132 Ct. Cl. 765, 769, 130 F. Supp. 900, 903 (1955). Instead, petitioner pins his argument on the language in the VA notice which gave October 1, 1967, as the commencing date of the disability compensation to which he is entitled, and claims that he is accordingly entitled to a retroactive adjustment of his tax liabilities for 1967 and 1969.

---

[2] SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) IN GENERAL.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—

\* \* \* \* \* \*

(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country \* \* \*.

[3] Closely related to this provision is sec. 3101(a), 38 U.S.C. (1970 ed.), which provides in part: "Payments of benefits due or to become due under any law administered by the Veterans' Administration \* \* \* made to, or on account of, a beneficiary shall be exempt from taxation, \* \* \*." See also Rev. Rul. 72–605, 1972–2 C.B. 35.

The commencing date language in the VA notice has its statutory base in section 3010(b), 38 U.S.C. (1970 ed.), which provides:

The effective date of an award of disability compensation to a veteran shall be the day following the date of his discharge or release if application therefor is received within one year from such date of discharge or release.

However, this section must be read in the light of other provisions of the same law which deal expressly with the situation where an individual receiving military retirement pay becomes entitled to VA compensation. Section 3104, 38 U.S.C. (1970 ed.),[4] prescribes a general "Prohibition against duplication of benefits," and under paragraph (a) of this section, not more than one "award of pension, compensation, * * * [or] regular, or reserve retirement pay" may be made concurrently to any person based on his own service. Section 3105, 38 U.S.C. (1970 ed.),[5] deals with the situation where a person receiving Armed Forces retirement pay becomes eligible also for VA compensation. That section provides that in such circumstances the person "shall be entitled to receive such * * * compensation" upon filing with the appropriate department "a waiver of so much of his retired or retirement pay as is equal in amount to such pension or compensation." By the express terms of this latter provision, such an individual does not become entitled to VA compensation until he files the required waiver.

Read together, these statutory provisions appear to be designed to provide a scheme whereby a veteran who is *not* receiving Armed Forces retirement pay may become entitled to VA compensation commencing with his retirement from the Armed Forces.[6] In such case, the amount of VA compensation due is computed from the day following the date of his discharge. Similarly, where a veteran who is receiving Armed Forces retirement pay becomes eligible for VA compensation which exceeds his retirement pay, he may be paid such excess computed from the day following the date of his military discharge. However, if the veteran is receiving retirement pay which

---

[4] Sec. 3104(a), 38 U.S.C. (1970 ed.), reads, in pertinent part, as follows:

Except to the extent that retirement pay is waived under other provisions of law, not more than one award of pension, compensation, * * * [or] regular, or reserve retirement pay, * * * shall be made concurrently to any person based on his own service * * *.

[5] Sec. 3105, 38 U.S.C. (1970 ed.), reads, in pertinent part, as follows:

Any person who is receiving pay pursuant to any provision of law providing retired or retirement pay to persons in the Armed Forces, * * * and who would be eligible to receive pension or compensation under the laws administered by the Veterans' Administration if he were not receiving such retired or retirement pay, shall be entitled to receive such pension or compensation upon the filing by such person with the department by which such retired or retirement pay is paid of a waiver of so much of his retired or retirement pay as is equal in amount to such pension or compensation. To prevent duplication of payments, the department with which any such waiver is filed shall notify the Veterans' Administration of the receipt of such waiver, the amount waived, and the effective date of the reduction in retired or retirement pay.

[6] For purposes of this explanation, we assume that the veteran has made a timely application for an award of VA disability compensation.

exceeds the VA compensation, he is not entitled to any compensation until he files an appropriate waiver of a part of his retirement pay.

The January 20, 1970, notice from the VA received by petitioner is wholly consistent with these statutory provisions. Although that notice reflects a commencing date of October 1, 1967, for the VA compensation, it states that: "If you elect compensation, your compensation will be reduced by the amount of retired pay you have already received." Since the "retired" pay which petitioner had already received between his discharge date and January 20, 1970, exceeded the VA compensation for which he was eligible, the VA determination entitled him to nothing except prospective VA compensation, payable after he had filed the appropriate waiver of a portion of his retirement pay. Since he did not file a waiver until January 24, 1970, petitioner was not entitled until then to receive VA compensation. That waiver did not purport to affect the retirement pay he had already received. Accordingly, no part of the retirement pay which petitioner received during 1967 and 1969 may be excluded from his gross income for those years.

Petitioner contends that the delay by the VA, a branch of the Government, in determining his eligibility for service-connected-disability compensation had the effect of depriving him of the benefit of the exclusion-from-gross-income provisions of section 104(a)(4) for 1967 and 1969. This contention has some equitable appeal. However, we must give effect to the law as written, and the statutory language precludes the position petitioner takes. Under the express provisions of section 3105, 38 U.S.C., *supra*, quoted in footnote 5, petitioner did not become entitled to VA compensation until he filed a waiver of part of his retirement pay, and this was not done until January 24, 1970. We cannot presume that, if the VA determination had been made earlier, he would have filed the waiver before he did. Moreover, the express language of section 104(a)(4) allows the coveted exclusion only for amounts received *as* an allowance for personal injuries or sickness resulting from active service in the Armed Forces, and no such amounts were so received by petitioner in 1967 and 1969. The amounts which he received in those years were received *as* Army retirement pay. Nor did the amounts which he received during 1967 and 1969 constitute "Payments of benefits due or to become due" under any law "administered" by the VA within the language of section 3101(a), 38 U.S.C. (1970 ed.). Such amounts represented benefits due under laws administered by the Department of the Army.[7]

---

[7] The factual situation here differs from those cases where an individual who is eligible for retirement becomes disabled and is retired on grounds of longevity even though the reason for his retirement at the particular time was his illness or service-related injury. See and compare, e.g., *Prince* v. *United States*, 127 Ct. Cl. 612, 614–615, 119 F. Supp. 421, 422 (1954) ; *McNair* v. *Commissioner*, 250 F. 2d 147, 150 (C.A. 4, 1957), reversing 26 T.C. 1221 (1956) ; *Freeman* v. *United States*, 265 F. 2d 66, 71–75 (C.A. 9, 1959) ; *Brooks* v. *United States*, 473 F. 2d 829, 830 (C.A. 6, 1973). As stated in the text, petitioner does not claim that the Army should have retired him on grounds of disability.

Tax liability is, of course, computed on an annual basis, see, e.g., *Burnet* v. *Sanford & Brooks Co.*, 282 U.S. 359 (1931), and we know of no law or principle of law (and petitioner has cited us to none) which, in 1970, can be said to have transformed a portion of petitioner's 1967 and 1969 retirement pay into VA compensation, subject to exclusion from gross income. See *Joseph B. Simms*, 17 T.C. 1, 3 (1951), affd. 196 F. 2d 238 (C.A. D.C. 1952); *Marshall Sherman Scarce*, 17 T.C. 830, 833 (1951); *Elmer D. Pangburn*, 13 T.C. 169, 172 (1949); cf. *William H. Lambert*, 49 T.C. 57, 60–61 (1967). We hold petitioner is not entitled to exclude any portion of his Army retirement pay from his gross income for 1967 and 1969.[8]

### . 2. *Section 105 Sick-Pay Exclusion*

Section 105(a)[9] provides, insofar as pertinent to petitioner's argument, that amounts received "by an employee" through "accident or health insurance" for "personal injuries or sickness" shall be included in gross income to the extent such amounts are paid by the employer. However, section 105(d) excludes such amounts from gross income if they "constitute wages or payments in lieu of wages" for a period during which the "employee" is absent from work "on account of personal injuries or sickness." In our opinion, this section, for several rea-

[8] Respondent's objection at the trial to the admission in evidence of an income tax return and the retirement papers of another individual was sustained. Petitioner offered those documents for the purpose of showing that the Internal Revenue Service had allowed other retired military personnel the favorable tax treatment he here seeks. The official position of the IRS is stated in Rev. Rul. 62–14, 1962–1 C.B. 11, 12, which holds that no portion of the regular Army retirement pay—based on years of service—previously received by a taxpayer is excludable from gross income merely because the effective date of a subsequently received VA award is retroactive. Respondent's position in the instant case is consistent with that ruling.

[9] SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS.

(a) AMOUNTS ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS.—Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

\* \* \* \* \* \* \*

(d) WAGE CONTINUATION PLANS.—Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. The preceding sentence shall not apply to amounts attributable to the first 30 calendar days in such period, if such amounts are at a rate which exceeds 75 percent of the regular weekly rate of wages of the employee (as determined under regulations prescribed by the Secretary or his delegate). If amounts attributable to the first 30 calendar days in such period are at a rate which does not exceed 75 percent of the regular weekly rate of wages of the employee, the first sentence of this subsection (1) shall not apply to the extent that such amounts exceed a weekly rate of $75, and (2) shall not apply to amounts attributable to the first 7 calendar days in such period unless the employee is hospitalized on account of personal injuries or sickness for at least one day during such period. If such amounts are not paid on the basis of a weekly pay period, the Secretary or his delegate shall by regulations prescribe the method of determining the weekly rate at which such amounts are paid.

sons, does not support petitioner's argument for excluding from gross income a portion of his Army retirement pay received in 1967 and 1969.

First, the amounts which petitioner received from the Army after he retired were not "wages or payments in lieu of wages" paid pursuant to an "accident or health insurance [plan]" within the meaning of section 105(a) and (d). See secs. 1.105–4(a)(2)(i) and 1.105–5(a), Income Tax Regs. Such amounts were statutory retirement pay, based on petitioner's prior service in the Army.

Second, the payments were not for a period during which petitioner was "absent from work on account of personal injuries or sickness." We have noted that petitioner expressly disclaims any contention that his ailments on September 30, 1967, entitled him to Army disability retirement pay.[10] In no sense therefore did he receive the Army retirement pay due to personal injury or sickness. Sec. 1.105–4(a)(2)(ii), Income Tax Regs.

The plain facts are that petitioner was an officer on active duty in the Army until September 30, 1967, when he retired. He was not incapacitated. Nor was his retirement "forced by illness or sickness." Cf. *Brooks* v. *United States*, 473 F. 2d 829, 831 (C.A. 6, 1973). To the contrary, petitioner was retired on the ground of longevity, and he received retirement pay computed solely on the basis of the number of his years of Army service. After he retired, he took another job. Petitioner's income tax return for 1969 shows that in addition to his Army retirement pay, he earned a salary—which was evidently greater than his retirement pay—as a research technician at the Human Resources Research Organization at Ft. Benning, Ga. He has not shown that he was absent from work on account of personal injuries or sickness at any time in either 1967 or 1969, and we do not think section 105 permits us to indulge in the fiction that he was.

For the above reasons, we hold further that section 105 does not apply.

*Decision will be entered for the respondent.*

---

[10] As was explained by the Court of Claims in *Furlong* v. *United States*, 153 Ct. Cl. 557, 565 (1961):

"So far as the action of the Veterans Administration is concerned, we have many times held that the basis for its action is different from the basis upon which a retiring board determines whether or not an officer is entitled to retirement for physical disability, * * *"

And in *Williams* v. *United States*, 186 Ct. Cl. 611, 614, 405 F. 2d 890, 891–892 (1969):

"It is well established that such a rating by the Veterans Administration is not binding on the * * * [military services], which * * * [operate] under separate statutory authority. The fact that plaintiff suffered from an ailment for which he received compensation from the Veterans Administration did not entitle him to disability retirement pay. *Johnson* v. *United States*, 138 Ct. Cl. 81, 149 F. Supp. 648, *cert. denied*, 355 U.S. 850 (1957) and cases cited therein. * * *"