Gene W. and Jule C. **REARDON**,
Plaintiffs-Appellees,

v.

**UNITED STATES** of America,
Defendant-Appellant.

No. 73–1642.

United States Court of Appeals,
Tenth Circuit.

Feb. 8, 1974.

Gene W. Reardon, Denver, Colo. (Gene F. Reardon, Denver, Colo., on the brief), for appellees.

William M. Brown, Dept. of Justice, Washington, D. C. (Meyer Rothwacks, Richard W. Perkins, and Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., on the brief; James L. Treece, U. S. Atty., Denver, Colo. of counsel), for appellant.

Before HILL, HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Gene W. and Jule C. Reardon[1] brought this suit under 28 U.S.C.A. § 1346(a)(1) for a refund of federal income taxes for 1968 in the amount of $401.37. The District Court held that Reardon was entitled to the refund and that the two applicable treasury regulations were ineffective to deprive Reardon of the benefits conferred in Section 105(d). The Government appeals.

Reardon (taxpayer) was employed 28½ years as an attorney for the IRS when he was forced to retire at age 51 on September 1, 1958, on total disability. He began receiving a total disability pension and annually deducted $5,200, the maximum income exclusion, pursuant to Section 105(d) of the IRS Code. In December of 1966, he reached age 60, at which time he would have qualified for optional service retirement if he had continued employment and served for 30 years. Mandatory retirement age is 70 years. In 1967 and 1968 taxpayer excluded $5,200 per year of his pension payments under Section 105(d) on the theory that they qualified for the limited sick pay exclusion. The Commissioner disallowed the exclusions on the theory that taxpayer had reached retirement age in 1966. The IRS issued a tax statement for 1967 and 1968 which showed an overpayment of taxes for 1967 and a deficiency in 1968 resulting in a net balance due the IRS of $401.37. Taxpayer paid the deficiency and filed this claim for refund.

The Government contends that the District Court erred in: (1) holding that Treasury Regulations §§ 1.79–2(b)(3) and 1.105–4(a)(3)(i) add an unauthorized restriction on the disability payment exclusion provided by Section 105(d) of the Code; (2) holding that taxpayer's testimony as to his intent to continue Government employment until mandatory retirement age should be given controlling significance; and (3) granting declaratory relief to taxpayer.

I.

The Government contends that its treasury regulations properly define "retirement age" to qualify for the Section 105(d) exclusion. Section 105(d), 26 U.S.C.A., states in part as follows:

(d) Wage continuation plans.— Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100.

Treasury regulations promulgated by the Commissioner of Internal Revenue provide that any pension received by the taxpayer after the earliest date taxpayer could have retired (in this case at the optional service retirement age of 60) is not entitled to the Section 105(d) exclusion.[2]

1. Jule C. Reardon is a party to the suit because joint returns were filed for the two taxable years in dispute.

2. Regulation § 1.105–4(a)(3)(i)(a) states that the § 105(d) exclusion "does not apply to the payments which such an employee receives after he reaches such retirement age."

Two recent decisions have held that the two regulations are invalid insofar as they deprive a disability retiree of the exclusion benefits before mandatory retirement age. Brooks v. United States, 473 F.2d 829 (6th Cir. 1973); Jovick v. United States, 492 F.2d 1215 (Ct.Claims 1973). See Commissioner of Internal Revenue v. Winter, 303 F.2d 150 (3rd Cir. 1962); Walsh v. United States, 322 F.Supp. 613 (E.D.N.Y.1970); Bigley v. United States, 252 F.Supp. 757 (E.D.Mo.1966); Keefe v. United States, 247 F.Supp. 589 (N.D.N.Y.1965). In *Brooks* the Court stated:

> While it cannot be doubted that income received after the mandatory age will be taxable regardless of whether the pension began as a disability pension, we hold that the Government's position, as outlined in the regulation, is untenable. The statute is clear and unambiguous in providing for an exclusion of payments made to any employee for a period of absence from work caused by illness. The money that this taxpayer receives between the age of 60, when he was forced to retire by illness, and 65, when he would have to retire whether or not healthy, is received because of his absence from work because of illness.

473 F.2d at 831.

■■■ Contemporaneous construction of a statute by an agency charged with its enforcement is entitled to great deference by the courts. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); Western Bancshares, Inc. v. Board of Governors of Federal Reserve System, 480 F.2d 749 (10th Cir. 1973). Administrative regulations are not absolute rules of law, however, and should not be followed when they conflict with the design of the Code or exceed the administrative authority granted. National Labor Relations Board v. Boeing Co., 412 U.S. 67, 93 S.Ct. 1952, 36 L.Ed.2d 752 (1973); Dorfman v. Commissioner of Internal Revenue, 394 F.2d 651 (2nd Cir. 1968). The Commissioner cannot promulgate regulations which impose a tax on the taxpayers which has not been imposed by legislative command. Commissioner of Internal Revenue v. Acker, 361 U.S. 87, 805 S.Ct. 144, 4 L.Ed.2d 127 (1959); Smith v. Commissioner of Internal Revenue, 332 F.2d 671 (9th Cir. 1964).

■■ An employee who absents himself from work for retirement because of disability prior to mandatory retirement age is within the class of individuals intended to be benefited by Section 105(d). Taxpayer falls within that class of individuals. The subject treasury regulations are invalid and ineffective to deprive taxpayer of the exclusion benefits of Section 105(d).

## II.

The Government argues that the District Court erred in crediting taxpayer's testimony that he intended to work for the IRS until mandatory retirement age, and in viewing taxpayer's intent as controlling. Taxpayer testified that he in-

Regulation § 1.105–4(a)(3)(i)(b) states that retirement age has the same meaning as in Regulation § 1.79–2(b)(3) which reads in part as follows:

(3) *Retirement age.* For purposes of section 79(b)(1) and this section, the meaning of the term "retirement age" is *determined in accordance with the follow-ing rules*—

(i)(a) If the employee is covered under a written pension or annuity plan of the employer providing such individual group-term life insurance on his life (whether or not such plan is qualified under section 401(a) or 403(a)), then his retirement age shall be considered to be the earlier of—

(1) The earliest age indicated by such plan at which an active employee has the right (or an inactive individual would have the right had he continued in employment) to retire without disability and without the consent of his employer and receive immediate retirement benefits computed at either the full rate or a rate proportionate to completed service as set forth in the normal retirement formula of the plan, i. e., without actuarial or similar reduction because of retirement before some later specified age, or—. . .

tended to continue his work with the Government until mandatory retirement age because his financial resources were limited and he needed the salary to raise his children. Following his retirement he formed a law firm with two of his children. He earned $51,356.93 in 1968. The Government argues that economic gain alone would have required his absence from employment with the IRS in 1968.

This contention is not developed by cogent authority or argument. We are not impelled, accordingly, to consider it seriously. Suffice it to note that appellate courts do not try cases de novo and that the resolution of conflicting evidence is particularly within the province of the trial court. United States v. 79.-95 Acres Of Land, More Or Less, In Rogers County, State Of Oklahoma, 459 F. 2d 185 (10th Cir. 1972); Davis v. Cities Service Oil Company, 420 F.2d 1278 (10th Cir. 1970).

█ Taxpayer is currently totally disabled and unable to work full time. He spends five hours or less a day in his law firm. The trial court did not err in finding that taxpayer intended to continue with his employment until mandatory retirement age.

### III.

The Government contends that the District Court erred in granting declaratory relief to taxpayer. Taxpayer states that he did not request a declaratory judgment and that declaratory relief was not granted.

█ The trial court ordered that taxpayer was entitled to the refund of $401.37 arising from his joint 1967 and 1968 tax returns, and to the exclusion for 1969 and succeeding years until taxpayer reaches the age of 70. A declaratory judgment must declare the rights and duties of parties presented in justiciable controversy. The simple state-

ment that taxpayer is entitled to the exclusion for 1969 and succeeding taxable years until he reaches the age of 70, does not constitute declaratory judgment relief. In any event, declaratory judgment relief is not authorized in refund suits against the United States. 28 U.S.C.A. § 2201.

Taxpayer is entitled to a refund of $401.37 plus statutory interest from April 15, 1971.

Affirmed.