ZEBULON L. STRICKLAND, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Strickland v. Commissioner
Docket No. 5949-69SC
United States Tax Court
T.C. Memo 1974-188; 1974 Tax Ct. Memo LEXIS 132; 33 T.C.M. (CCH) 809; T.C.M. (RIA) 74188; July 22, 1974, Filed. Zebulon L. Strickland, Jr., pro se. Howard L. Williams, for the respondent. SACKS MEMORANDUM FINDINGS OF FACT AND OPINION SACKS, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1966 in the amount of $380.99. The sole issue for decision is whether, because *133 of the retroactive nature of a disability determination made by the Veterans Administration, petitioner is entitled to exclude from income payments which were made to him during the retroactive period by the United States Army as retirement pay on account of length of service. FINDINGS OF FACT Some of the facts have been stipulated by the parties. Their stipulations, together with attached exhibits, are incorporated herein by this reference. Zebulon L. Strickland, Jr., hereinafter referred to as petitioner, resided in McLean, Virginia at the time of the filing of his petition herein. His individual income tax return for the taxable year 1966, made on the cash basis and for the calendar year period, was filed with the district director of internal revenue at Richmond, Virginia. On October 1, 1964 petitioner retired from the United States Army, on the basis of length of service, with the rank of Colonel. Shortly thereafter he began to receive, from the Retired Pay Division of the Department of the Army, retired pay as provided by law for retired Army personnel of his rank and status. Some time prior to March 10 of 1965 petitioner applied to the Veterans Administration *134 for service-connected disability compensation, his claim being numbered C-22 369 862. Thereafter, on March 10, 1965 petitioner filed with the Veterans Administration VA Form 21-651, [1] a document entitled in pertinent part "* * * Waiver of [U.S. Army] Retired Pay [in order] to Secure Compensation From [the] Veterans Administration." By this waiver petitioner agreed to: * * * waive that portion of * * * [his U.S. Army] retired pay which is equal in amount to the compensation * * * which may be awarded by the Veterans Administration. [2]
*135 Some time subsequent to March 10, 1965 the Veterans Administration determined that petitioner was entitled to an award for partial (i.e., 10 percent) disability, such award to be retroactive to October 1, 1964, the date of petitioner's retirement for length of service from active duty in the Army. [3] The amount of the award was $30 per month, subsequently increased to $32 per month. Thereafter, on or about March 28, 1966, petitioner again applied to the Veterans Administration, this time for increased disability compensation. On January 17, 1967 the Veterans Administration advised petitioner by letter (reference number C-22 369 862) of its consideration of his claim. In pertinent part, this letter stated: It has been determined that *136 in view [of your disabilities and] your individual unemployability, you have been rated one hundred percent [disabled] from March 28, 1966, and you are entitled to monthly disability compensation of $240, commencing March 28, 1966. We have forwarded VA Form 21-651 to the Retirement Division of the Army to waive $240 of your retirement pay. When we receive VA Form 21-651 from the Department of the Army, we will increase your monthly compensation benefits. [Emphasis supplied [4]] The Retired Pay Division of the Army received the VA Form 21-651 referred to above some time prior to February 1, 1967. It thereupon notified the Veterans Administration that it was adjusting petitioner's retired pay as of and from February 1, 1967 to reflect the increased award made by the Veterans Administration. Subsequent to February 1, 1967 petitioner received an increase in disability compensation benefits paid to him by the Veterans Administration from $32 a month to $240 a month, or an increase of $208 per month. Correspondingly, his Army retirement benefits were reduced by $208 per month from February 1, 1967 onwards. On his individual Federal income tax return *137 for the taxable year 1966 petitioner excluded from gross income the increased amount which the Veterans Administration had retroactively determined, on January 17, 1967 that he was entitled to for 1966 - i.e., $208 per month for the nine month period April through December - or a total of $1,872. Respondent, upon audit, determined that since the amount in controversy was not paid to petitioner by the Veterans Administration during 1966, but was instead paid to him as retirement pay by the Department of the Army, such amount was not exempt from taxation. Petitioner's income was adjusted accordingly. OPINION Section 61(a) of the Internal Revenue Code of 1954[5] encompasses within the term "gross income" income from whatever source derived unless by law such income is specifically exempt from taxation. In the instant case petitioner makes a two-pronged argument that the amounts in controversy are, by law, tax exempt. On the one hand, he points to section 3101(a) of Title 38 of the United States Code (1970 ed.) which specifies that: Payments of benefits due or to become due under any law administered by the Veterans Administration * * * made to, or on account *138 of, a beneficiary shall be exempt from taxation. On the other hand, he points to section 104 of the Internal Revenue Code, which provides: (a) In General. - Except * * * [in certain instances not here material] gross income does not include - * * * (4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country * * *. It is to be noted that arguments similar to these were put forth in the case of Fred K. Cleary, 60 T.C. 133 (1973), and by the Court there rejected. The case which petitioner has made out here similarly has, as we said in Cleary, "equitable appeal". It is the case of an old soldier retired after well-serving his country for length of service, who becomes after such retirement disabled from a service connected illness. He applies for disability compensation from the Veterans Administration which, for one reason or another, takes some eleven months to process his claim, and finally pronounces him totally disabled from the date *139 of his original application. The Army stops paying him retirement pay - which is taxable - and the Veterans Administration begins to pay him disability compensation - which is nontaxable. This much is the happy story which the law intended. But what about the hiatus - that period of time during which the Veterans Administration was processing his claim and during which the Army was continuing to pay him retirement pay? That is the period here in controversy, and with respect to it the law, though perhaps inequitable in application, is clear. Section 61 of the Internal Revenue Code taxes, as gross income, income from all sources unless specifically exempted. Section 3101(a) of Title 38 of the United States Code exempts from taxation only those payments due or to become due under any law administered by the Veterans Administration, while section 104 of the Internal Revenue Code exempts from taxation amounts received as an allowance for sickness resulting from active service in the armed forces. Try as we might, we cannot find that the sums paid to petitioner during 1966, and controverted herein, were due to him in that year under either *140 a law administered by the Veterans Administration, or that in 1966 they were received by him on account of sickness resulting from active service in the armed forces. At the trial of this case, in subsequent hearings, and upon brief, petitioner has made much of the fact that he signed but a single waiver form waiving Army retirement pay on March 10, 1965. He contends that his action in so doing must be construed as an open-end waiver of all Army retirement pay in favor of all future awards of disability compensation that might be found to be due him at any date subsequent to March 10, 1965 by the Veterans Administration. Following this reasoning, he attempts to have us infer that the Army, during the period under scrutiny, erroneously paid him retirement pay. Petitioner's argument in this regard seems to stem from the emphasis placed on waivers both by the rather complex provisions of Title 38 of the United States Code set out in the footnotes, infra, and by this Court in Cleary. However, the point which we believe petitioner misses is that the waiver, while indeed important, is merely a mechanism designed to prevent duplication of payments by separate agencies of the Government. *141 Its filing does not grant tax exemption to any payment thereafter received but merely sets the stage so that subsequent payments of disability compensation - which payments are tax-exempt under other laws - may be made in lieu of taxable retirement benefits. In the instant case, the payments controverted were, at the time they were received, made as retirement payments and not as disability compensa tion . They were not exempt from taxation when received , and the mere retroactive determination of the Veterans Administration - that petitioner was "entitled" to disability compensation during this period - does not convert them, like some magic philosopher's stone, into tax-exempt payments. Respondent correctly determined that the payments received by petitioner from the Army during the period April through December, 1966 were received as retirement pay and were taxable, and we so hold. Reviewed and adopted as the report of the Small Tax Case Division.
Decision will be entered for the respondent. Footnotes
1. VA Form 21-651 is a tri-partite document. Insofar as is here material, Part I constitutes a prospective waiver by a retired veteran applying for disability compensation, of that portion of his retirement pay which is equal in amount to the disability compensation that may, upon a particular application, be subsequently awarded by the VA. Part II is a record made by the VA of its subsequent determination of compensable disability, the amount thereof, and the effective date as of and from which the VA has determined, upon this particular application, the disability existed. Form 21-651 is designed by the VA so that when Parts I and II are completed, they may be transmitted together, as a notification of proposed action, to the retired pay division of the subject veteran's branch of service. Upon receipt of this notification such division is required to complete and return to the VA Part III of the Form. Part III of Form 21-651 acknowledges receipt of Parts I (the waiver) and II (the VA's proposal to pay disability compensation) by the retired pay division of the service concerned and notifies the VA that the division has taken action, as of and from a certain date, to reduce the subject veteran's retirement pay in an amount equal to the disability compensation proposed to be paid by the VA. Concerning the reason for this inter-departmental correspondence, see fn. 2 infra. ↩
2. The filing of such a waiver by armed services personnel receiving retired pay - such as petitioner - who seek Veterans Administration disability compensation is made mandatory by the provisions of section 3104(a), 38 U.S.C. (1970 ed.) which specifies, in pertinent part, that: Except to the extent that retirement pay [received under other provisions of law] is waived * * * not more than one award of [either] * * * [disability] compensation, * * * [or] * * * retirement pay, * * * shall be made concurrently to any person based on his own service. ↩
3. The action of the Veterans Administration in making this award retroactive to petitioner's date of separation from the Army finds its statutory basis in section 3010(b), 38 U.S.C. (1970 ed.) which provides that: The effective date of an award of disability compensation to a veteran shall be the day following the date of his discharge or release if application therefor is received with one year from such date of discharge or release. ↩
4. See fn. 1, infra. ↩
5. All Code references are to the Internal Revenue Code of 1954 unless otherwise specified. ↩