WILLIAM H. ONDERDONK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Onderdonk v. Commissioner
Docket No. 12700-83.
United States Tax Court
T.C. Memo 1984-241; 1984 Tax Ct. Memo LEXIS 428; 48 T.C.M. (CCH) 23; T.C.M. (RIA) 84241; May 7, 1984. *428 Held, petitioner's claimed disability income exclusion is not allowable because his adjusted gross income exceeded $15,000 and under sec. 105(d)(3), I.R.C. 1954, the claimed exclusion is reduced to zero by income exceeding $15,000. Held further, petitioner is liable for the addition to tax for negligence under sec. 6653(a). William H. Onderdonk, pro se. Daniel J. Wiles, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on August 23, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1] A hearing with respect to said motion was held on February 13, 1984. *429 In a notice of deficiency dated March 17, 1983, respondent determined a deficiency of $1,942.23 in petitioner's 1980 Federal income tax and an addition to tax of $97.11 pursuant to section 6653(a), I.R.C. 1954. The issues to be decided in determining whether respondent is entitled to prevail on his motion are: (1) whether there is a deficiency in the amount determined by respondent; and (2) whether petitioner is liable for the addition to tax for negligence. Petitioner, who resided in Towson, Maryland, at the time of the filing of his petition in this case, filed a timely 1980 Federal income tax return as a single individual with the appropriate office of the Internal Revenue Service. Petitioner, an accountant and attorney, was retired from the United States Government on a disability pension in March 1970. In 1980 petitioner received $11,433 in disability payments. As of the end of 1980, petitioner was less than 65 years old. On his Federal income tax return for 1980, petitioner reported total income prior to any disability income exclusion of $31,625.35. Petitioner attached to his return a Form 2440, "Disability Income Exclusion," on which he claimed a disability income *430 exclusion of $5,200. As a result of the exclusion, petitioner reported adjusted gross income of $26,425.35. Respondent, in his notice of deficiency, increased petitioner's income as reported by the $5,200 disability income exclusion and, having concluded that the resultant underpayment of tax was due to negligence or an intentional disregard of rules and regulations, imposed an addition to tax under section 6653(a) of $97.11. Section 105(d)(1) and (2), as applicable to the year 1980, provides that a taxpayer who is retired on disability and has not attained the age of 65 before the close of the taxable year may exclude from gross income amounts which constitute wages or payments in lieu of wages for a period during which he is absent from work on account of permanent and total disability to the extent of $100 per week. However, section 105(d)(3) provides for a phaseout of the exclusion if the taxpayer's adjusted gross income exceeds $15,000. If the taxpayer's adjusted gross income determined without regard to the exclusion provided for in section 105(d) exceeds $15,000, the amount of the exclusion otherwise allowable shall be reduced by the excess of the adjusted gross income *431 over $15,000. Application of the mathematics of section 105(d)(3) to the facts of this case clearly demonstrates that petitioner's income in 1980 was more than sufficient to phase out the entire $5,200 exclusion claimed by petitioner. It appears from the record that petitioner does not seriously contest the effect of section 105(d)(3). Rather, he either denies the existence of that section or denies its applicability in his case. In filling out Form 2440 for the 1980 year, petitioner ignored lines 4 through 8 thereon and the instructions thereto with respect to the adjusted gross income limitations on the disability income exclusion. At the top of the Form 2440, petitioner added the following notation: "In accordance with decision of U.S. Circuit Court of Appeals." In his petition to this Court, petitioner stated: "The sick pay exclusion for disability benefits applies up to mandatory retirement age. This has been the ruling of the Sixth U.S. Circuit Court of Appeals and other Federal Courts. The mandatory retirement age is usually 70 years and should apply in this case." During administrative proceedings in this case, petitioner advised respondent of the Sixth Circuit *432 case to which his Form 2440 and his petition refer. Specifically, petitioner relies on the case of Brooks v. United States,473 F.2d 829 (6th Cir. 1973), which is so totally inapplicable to the instant case as to warrant no more than a brief mention by us. That case dealt with the disability income exclusion as in effect in 1968. At that time, section 105(d) contained no age limitation and no phaseout provisions. However, the Commissioner had promulgated section 1.105-4(a)(3)(i)(a), Income Tax Regs., which when read together with other regulations, provided that any pension, whether or not it is a disability pension, received by the taxpayer after the earliest time at which the taxpayer could have retired regardless of health is taxable retirement income and not entitled to the section 105(d) exclusion. The Sixth Circuit held that the regulation's elimination of the section 105(d) exclusion after the earliest date on which the taxpayer could have retired, as opposed to the date of mandatory retirement, was an unjustifiable interpretation of the statute. We think it quite apparent, without further explanation, that petitioner herein can derive no support from *433 the Brooks case. During administrative proceedings in this case, petitioner also contended that he should be governed by the law in effect in 1970, when he retired, which law did not provide for a phaseout of the disability exclusion. This Court rejected the identical argument in Kinslow v. Commissioner,T.C. Memo. 1981-736, affd. without published opinion 693 F.2d 134 (11th Cir. 1983), where we stated: There is no provision in the statute that the phaseout of the exclusion when adjusted gross income exceeds $15,000, is inapplicable to an individual who retired prior to the effective date of the law. Therefore, the law as amended is applicable to petitioners even though a different law applied at the time petitioner retired. It is well settled that a deduction or exclusion from gross income provided for by a statute is not a vested right of an individual. When the law is changed, the individual's income is to be computed under the law applicable to the year for which income is being determined unless the statute making the change provides to the contrary. * * * Petitioner's final argument, raised during administrative proceedings in this *434 case, is that section 105(d)(3), as applied to someone who retired prior to its enactment is unconstitutional because it constitutes a "bill of attainder." Petitioner's argument is frivolous at best. A bill of attainder is "[a] legislative act, directed against a designated person, pronouncing him guilty of an alleged crime, (usually treason,) without trial or conviction according to the recognized rules of procedure, and passing sentence of death and attainder upon him." Black's Law Dictionary (4th ed. 1968). Although the enactment of section 105(d)(3) resulted in increased tax burdens to many taxpayers, it clearly did not measure up to the standards of this definition. Respondent, as the party moving for summary judgment, has the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). Petitioner, however, has the burden of proof with respect to the deficiency determination and addition to tax for negligence made in respondent's statutory notice. Rule 142(a). With respect to the substantive issue presented herein, *435 the law is clear that petitioner's claimed disability income exclusion is not allowable because petitioner's adjusted gross income for 1980 was sufficient to phase out the entire $5,200 exclusion claimed by petitioner. There being no genuine issue as to any material fact regarding respondent's deficiency determination, respondent is entitled to a decision as a matter of law. With respect to the addition to tax for negligence, petitioner did not raise the issue in his assignment of errors contained in his petition to this Court, as required by Rule 34(b)(4). Nor did petitioner raise the issue in the hearing held to consider respondent's motion. On the basis of the pleadings and the uncontested evidence presented by respondent in support of his Motion for Summary Judgment, respondent has demonstrated that he is also entitled to a decision as a matter of law with respect to this issue. We conclude, therefore, that summary judgment in respondent's favor on both issues is the proper procedure for disposing of this case. An appropriate order and decision will be entered.
Footnotes
1. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩